# IN THE SUPREME COURT OF THE STATE OF NEVADA

SEAN PAUL CORDEIRO,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 71742

FILED

SEP 2 8 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of five counts of burglary; four counts of first-degree kidnapping; three counts each of attempted sexual assault, open or gross lewdness, coercion, child abuse, neglect or endangerment, and home invasion; two counts each of burglary while in the possession of a firearm, grand larceny auto, and robbery; and one count each of attempted grand larceny auto, battery with the intent to commit sexual assault, sexual assault, robbery with the use of a deadly weapon, assault with a deadly weapon, first-degree kidnapping with the use of a deadly weapon, coercion with the use of a deadly weapon, grand larceny of a firearm, possession of a stolen vehicle, possession of a credit or debit card without the cardholder's consent, and attempted fraudulent use of a credit or debit card. Eighth Judicial District Court, Clark County; Eric Johnson, Judge.

Appellant Sean Paul Cordeiro was charged with 45 criminal counts related to events occurring between January 31 and February 27, 2014. Approximately one week before trial, Cordeiro filed a motion to continue the trial for at least 60 days to prepare his newly-discovered defense of involuntary intoxication based on his girlfriend surreptitiously giving him the drug Ambien during the period in question. The district

court denied the motion. At trial, and over Cordeiro's objection, the district court allowed the State to present evidence of Cordeiro's tattoos and graffiti left at several crime scenes, reasoning that the evidence's probative value for identification purposes outweighed any improper prejudice. The jury convicted Cordeiro of 41 counts, and he was sentenced to an aggregate prison term of 96 years to life. This appeal followed.

*The district court did not abuse its discretion by denying Cordeiro's motion to continue the trial*

Cordeiro argues that the district court's denial of his motion to continue the trial was an abuse of discretion because he was prejudiced by the inadequate time to investigate his defense theory of involuntary intoxication and prepare witnesses. We disagree.

This court reviews a district court's decision to grant or deny a motion for a continuance for an abuse of discretion. *Higgs v. State*, 126 Nev. 1, 9, 222 P.3d 648, 653 (2010). "Each case turns on its own particular facts, and much weight is given to the reasons offered to the trial judge at the time the request for a continuance is made." *Id.* "However, if a defendant fails to demonstrate that he was prejudiced by the denial of the continuance, then the district court's decision to deny the continuance is not an abuse of discretion." *Id.*

Here, Cordeiro points to no additional potential testimony nor facets of the defense that he could have pursued further with additional time. To the contrary, as Cordeiro himself points out, (1) his expert witness, Dr. Melvin Pohl, provided extensive testimony at trial regarding the effects of Ambien and its potential to cause individuals to engage unknowingly in complex activities; and (2) his girlfriend testified that she had surreptitiously given him Ambien during the period in question. Despite the relatively short time Cordeiro had prior to trial to develop his

involuntary intoxication defense, he fails to show prejudice resulting from the district court's denial of his request for a continuance. Therefore, we conclude that the district court did not abuse its discretion by denying Cordeiro's motion to continue the trial.

*The district court did not abuse its discretion by admitting evidence of Cordeiro's alleged gang-related tattoos and graffiti markings*

Cordeiro argues that the district court abused its discretion by admitting evidence of his tattoos and graffiti markings at the crime scenes for identity purposes at trial, as the State alleged that the tattoos and markings are gang affiliated, and such evidence was highly prejudicial and unnecessary because he did not contest his presence during most of the alleged criminal conduct. We disagree.

"We review a district court's decision to admit or exclude evidence for an abuse of discretion," *Rimer v. State*, 131 Nev. 307, 328, 351 P.3d 697, 712 (2015) (internal quotation marks omitted), and its determination "will not be reversed absent manifest error," *Diomampo v. State*, 124 Nev. 414, 429-30, 185 P.3d 1031, 1041 (2008) (internal quotation marks omitted).

"Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith." NRS 48.045(2). However, evidence of prior bad acts may be admissible for nonpropensity purposes, such as providing proof of identity. *See id.* Uncharged bad act evidence is admissible only when the district court determines that "(1) the prior bad act is relevant to the crime charged and for a purpose other than proving the defendant's propensity, (2) the act is proven by clear and convincing evidence, and (3) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice." *Bigpond v. State*, 128 Nev. 108, 117, 270 P.3d 1244, 1250 (2012);

*see also* NRS 48.035. Other courts have held that a district court does not abuse its discretion by admitting evidence of gang tattoos and symbols when such evidence is relevant for identification purposes. *See, e.g., People v. Medina*, 906 P.2d 2, 33 (Cal. 1995) (holding that the district court did not abuse its discretion by admitting evidence of a swastika tattoo, concluding that "the weighing of probative, though possibly cumulative, evidence against its potentially prejudicial nature is a matter entrusted to the sound discretion of the trial court").

Here, the evidence of Cordeiro's tattoos and graffiti markings satisfied the first two prongs of *Bigpond*, as they were relevant for the purpose of identity and, as Cordeiro does not dispute, were proven by clear and convincing evidence. As to the third prong, we agree that the probative value of the evidence of Cordeiro's tattoos and the graffiti markings left at the crime scenes was lessened by the fact that Cordeiro did not dispute his presence during most of the alleged criminal conduct. However, the danger of resulting prejudice from admission of the evidence was minimal given that the State did not seek to introduce and did not present the evidence for purposes of suggesting Cordeiro was a member of a gang or association and there was nothing inherently prejudicial about the particular tattoos or markings that would tie them to a gang. Notably, the State never explicitly showed that the symbols represented a specific gang, but merely presented testimony that an "organization" used such symbols in graffiti or tattooing. Further, weighing its probative value against its potential prejudice was within the sound discretion of the court, which found the evidence probative in that it tied the multiple crime scenes together and was relevant to identifying Cordeiro and establishing his presence at each of the crime locations. *See id.* at 33. Cordeiro fails to show manifest error, and given

this court's great deference to the district court's evidentiary decisions, we conclude that the district court did not abuse its discretion by admitting the disputed evidence. Therefore, we

ORDER the judgment of conviction AFFIRMED.[1]

_____, J.
Cherry

_____, J.
Parraguirre

_____, J.
Stiglich

cc: Hon. Eric Johnson, District Judge
Oronoz & Ericsson, LLC
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

_____

[1]Cordeiro also argues that cumulative error warrants the reversal of his conviction. As Cordeiro has identified no error to cumulate, this argument fails.